IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALACARE HOME HEALTH SERVICES, INC., | |
| Plaintiff, | CIVIL ACTION NO. 03-AR-0414-S |
| v. | |
| TOMMY G. THOMPSON, Secretary, United States Department of Health and Human Services, | |
| Defendant. | |



ENTERED
AUG 0 5 2004

**MEMORANDUM OPINION**

Before the court are cross motions for summary judgment filed by plaintiff, Alacare Home Health Systems Services, Inc. ("Alacare"), and defendant, Tommy G. Thompson, Secretary of the Department of Health and Human Services ("the Secretary"). This case arises under Title XVIII of the Social Security Act, commonly known as the Medicare Act. Alacare brought this case pursuant to 42 U.S.C. § 1395oo(f) of the Medicare Act seeking judicial review of a decision by the Provider Reimbursement Review Board ("PRRB").

**Summary Judgment Facts**

In 1965 Congress enacted the Medicare Act. 42 U.S.C. §§ 1395, *et seq*. Under Medicare, certain qualified Medicare providers are reimbursed for covered medical services provided to Medicare beneficiaries. Providers submit a cost report at the end of the year to fiscal intermediaries. The intermediaries then audit the

cost report and issue a Notice of Program Reimbursement ("NPR") specifying the amount of reimbursement due to the provider. A provider unsatisfied with the NPR issued by the fiscal intermediary can appeal the decision to the PRRB. If the provider is dissatisfied with the decision of the PRRB, it can seek review in a United States district court.

Alacare is a qualified Medicare provider that operates a home health care company and provides medical services to home-bound patients in Alabama. Alacare complains about the NPR issued by its fiscal intermediary, Palmetto Government Benefits Administrators ("Palmetto"), for costs Alacare incurred in the last 3 months of 1998 and the first nine months of 1999. Palmetto denied some of Alacare's claims for the relevant time period because they were not "error free" and thus were deemed to not have been filed on time. Alacare appealed Palmetto's decision to the PRRB. The PRRB declined to review Alacare's appeal concluding that it did not have jurisdiction. Alacare seeks review of the PRRB decision in this court.

### Analysis

The complaint requires this court to review the decision of a federal agency. Under the Medicare Act, judicial review is defined by the Administrative Procedures Act ("APA"). 42 U.S.C. § 1395oo(f)(1); 5 U.S.C. § 706. Under the APA, an agency determination may only be set aside if it is arbitrary, capricious,

an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence in the record taken as a whole. 5 U.S.C. § 706(2)(A); *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 2386 (1994).

The Medicare Act provision establishing the PRRB provides that any provider

> which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report by a Provider Reimbursement Review Board...if
> (1) such provider...is dissatisfied with a final determination of the organization serving as its fiscal intermediary...,
> (2) the amount in controversy is $10,000 or more, and
> (3) such provider files a request for a hearing within 180 days after notice of the intermediary's final determination....

42 U.S.C. § 1395oo(a)(1)-(3). The PRRB has "the power to affirm modify, or reverse a final determination of the fiscal intermediary with respect to a cost report and to make any other revisions on matters covered by such cost report...even though such matters were not considered by the intermediary in making such final determination." 42 U.S.C. § 1395oo(d). The PRRB's broad power of review is restricted by 42 U.S.C. § 1395oo(g). That section says that a finding of the fiscal intermediary is not reviewable if the intermediary denies costs claimed by the provider because such costs were incurred while providing services that are excluded from the Medicare program. *See id.* Some courts have labeled these non-reviewable disputes as "coverage" disputes. *See e.g., Highland*

3

*Dist. Hosp. v. Sec'y Health and Human Servs.*, 676 F.2d 230 (6th Cir. 1982), *Curators, Univ. of Mo. v. Sullivan*, 963 F.2d 220 (8th Cir. 1992). Neither the Medicare statute nor the regulations use or define the term "coverage." *Highland*, 676 F.2d at 235. However, the Report of the House Ways and Means Committee on the Social Security Amendments of 1972 provides:

> *Provider Reimbursement Review Board*--Under present law there is no specific provision for an appeal by a provider of services of a fiscal intermediary's final reasonable cost determination. Although the HEW has developed administrative procedures to assist providers and intermediaries to reach reasonable and mutually satisfactory settlements of disputed reimbursement items, your committee believes that it is desirable to prescribe in law a specific procedure for settling disputed final determinations applying to the amount of program reimbursement. This procedure would not apply to questions of coverage or disputes involving individual beneficiary claims.

H.R. Rep. No. 92-231 (1972), *reprinted in* 1972 U.S.C.C.A.N. 4989, 5094. The Fifth Circuit defined "coverage" as that which falls within § 1395d and is not excluded by § 1395y. *Mount Sinai Hosp. of Greater Miami, Inc. v. Weinberger*, 517 F.2d 329, 335 (5th Cir. 1975).[1] Section 1395d deals with the scope of Medicare benefits. That section says that Medicare covers: in-patient hospital services, post-hospital extended care services, post-hospital home health services, and hospice care. 42 U.S.C. § 1395d(a)(1)-(4). Section 1395y sets out the services excluded from the basic scope

---

[1] The Eleventh Circuit is bound by decisions made by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

of benefits defined in § 1395d. The two most important exclusions, as a practical matter, are the exclusion of services that are "not reasonable and necessary for the diagnosis or treatment of illness or injury," and the exclusion of expenses incurred in providing "custodial care." 42 U.S.C. § 1395y(a)(1)(A), (a)(9).

In the instant case, the PRRB said that it lacked jurisdiction because the unprocessed claims were not the subject of an intermediary determination. Admin. Record, Doc. 5 at 58. As noted above, several PRRB jurisdictional prerequisites must be met before PRRB jurisdiction can be invoked: (1) the provider must have timely filed a cost report, (2) the provider must be dissatisfied with a final determination of the intermediary, (3) the amount in controversy must be $10,000 or more, and (4) the request for review must be filed within 180 days of the date of the final determination. 42 U.S.C. § 1395oo(a)(1)-(3). The PRRB's holding in this case is basically a finding that the second prerequisite was not met, because Palmetto never actually made a determination on the untimely claims. Instead, it simply rejected the claims as untimely. Therefore, the relevant inquiry is what qualifies as a "determination" by the intermediary. The regulations say that an intermediary determination is "a determination of the amount of total reimbursement due the provider...following the close of the provider's cost reporting period, for items and services furnished to beneficiaries for which reimbursement may be made on a reasonable

5

cost basis under Medicare for the period covered by the cost report." 42 C.F.R. § 405.1801(a)(1). Under this definition, an NPR is a final determination by the fiscal intermediary. *See* 42 C.F.R. § 405.1803; *HCA Health Servs. of Okla. v. Shalala,* 27 F.3d 614, 617 (D.C. Cir. 1994). In issuing an NPR that did not include reimbursement for the allegedly untimely claims, Palmetto made its "determination" that was subject to review. In order to meet the second jurisdictional prerequisite set out above, Alacare only needed to be dissatisfied with the total amount of reimbursement set out in the NPR. Intermediaries are not insulated from review simply by the expedient of rejecting claims as untimely. Contrary to the holding of the PRRB, Alacare was dissatisfied with a final determination of an intermediary and properly invoked the jurisdiction the PRRB.

The Supreme Court's opinion in *Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399, 108 S.Ct. 1255, 99 L.Ed.2d 460 (1988) supports this court's conlcusion. In *Bethesda,* the Court considered whether the PRRB "may decline to consider a provider's challenge to one of the Secretary's regulations on the ground that the provider failed to contest the regulation's validity in the cost report submitted to its fiscal intermediary." *Id.* at 401. The plaintiff, Bethesda Hospital Association ("Bethesda"), challenged a 1979 regulation that disallowed claims for malpractice insurance premium costs. *Id.* Bethesda filed its cost report, and did not include

malpractice insurance costs in its report because of the regulation. *Id.* Bethesda later filed a request for a hearing before the PRRB challenging the validity of the regulation. *Id.* The PRRB denied the request, because Bethesda had not first raised the issue with the fiscal intermediary. *Id.* at 402. Bethesda then appealed the decision of the PRRB to federal court. The Supreme Court concluded that the plain meaning of the statute dictated the outcome of the case. *Id.* at 403 Under § 1395oo(a)(1)(A) a provider may obtain a hearing before the PRRB if it is "dissatisfied with a final determination of...its fiscal intermediary...as to the amount of total program reimbursement due the provider...for the period covered by such report." The Supreme Court found that this language did not require Bethesda to first challenge the regulation in front of the intermediary in order to claim dissatisfaction with the decision of the intermediary. *Bethesda*, 485 U.S. at 404. The Supreme Court noted that its decision was not only in accordance with the plain meaning of § 1395oo(a)(1)(A), but also was mandated by the language and design of § 1395oo as a whole. *Id.* at 405. Section 1395oo(d) says that once the jurisdiction of the PRRB has been invoked, it can "make any other revisions on matters covered by such cost report...even though such matters were not considered by the intermediary in making such final determination." *Id.* at 405-06. The *Bethesda* court reasoned that this statutory language allows the PRRB "to

review and revise a cost report with respect to matters not contested before the fiscal intermediary. The only limitation prescribed by Congress is that the matter must have been 'covered by such cost report,' that is, a cost or expense that was incurred within the period for which the cost report was filed, even if such cost or expense was not expressly claimed." *Id.* at 406. Just as in *Bethesda*, Alacare has raised an issue with respect to costs that were incurred within the period for with the cost report was filed. In fact, this case presents a more compelling argument for PRRB jurisdiction, because Alacare actually included the allegedly untimely claims in its initial cost report.

The Secretary takes an entirely different position in his motion for summary judgment than the PRRB did in finding that it lacked jurisdiction. He argues that the PRRB was correct in deciding that it does not have jurisdiction, because Alacare presented a "coverage" question to the PRRB, and coverage questions are excluded from the PRRB's jurisdiction pursuant to 42 U.S.C. § 1395oo(g). In making this argument, the Secretary relies on *Highland Dist. Hosp. v. Sec'y Health and Human Servs.*, 676 F.2d 230 (6th Cir. 1982). In *Highland*, the plaintiff, Highland District Hospital ("Highland"), was a qualified Medicare provider. *Id.* at 231. Highland's intermediary denied Highland's request for cost reimbursement on some services provided, because the services were not "covered" under § 1395d. *See id.* at 232. Highland appealed

8

the decision of the intermediary to the PRRB. *Id*. at 233. The PRRB dismissed Highland's request for a review of the intermediary decision, because the intermediary's decision involved a question of "coverage," which is beyond the jurisdiction of the PRRB. *Id*. Highland appealed the decision of the PRRB to a federal district court. The district court agreed with the decision of the PRRB, and the Sixth Circuit affirmed the decision of the district court. *Id*. at 234, 239. The instant case is quickly distinguishable from *Highland*. Alacare's request for a hearing did not involve coverage issues. The issue in the instant was whether Alacare's claims were properly denied as untimely, not whether the services provided by Alacare fell within § 1395d or were excluded by § 1395y.

Alacare would like the court to also rule on the issue of whether the claims were actually filed on time. However, the scope of the court's review is limited to the PRRB's conclusion that it lacked jurisdiction to decide that issue. *Saline Community Hosp. Ass'n v. Sec'y Health and Human Servs.*, 744 F.2d 517, 520 (6th Cir. 1984). Accordingly, the court will not decide the merits of Alacare's timeliness argument. Instead, it will remand the case to the PRRB. On remand, the PRRB will have jurisdiction to decide whether the claims were filed in a timely manner. Timeliness is a prerequisite of the PRRB's jurisdiction, and the PRRB has the authority to review whether its jurisdictional prerequisites have

been met. 42 C.F.R. § 405.1873; *Highland*, 676 F.2d at 235.[2]

## Conclusion

By separate order, the court will deny the Secretary's motion for summary judgment, will grant Alacare's motion for summary judgment insofar as it asks for a remand to the PRRB, and will remand the case to the PRRB for further proceedings consistent with this opinion.

DONE this 5th day of August, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The parties dispute whether Alacare timely filed its appeal with regard to the 1998 claims. On remand, the PRRB will have jurisdiction to decide whether Alacare timely filed said appeal.